UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ZACHERY CLAYTON WALKER, | ) |
| | ) |
| Plaintiff, | )   No. 3:12-mc-00050 |
| | )   Judge Sharp |
| v. | ) |
| | ) |
| SHERIFF SONNY WEATHERFORD, et al., | ) |
| | ) |
| Defendants. | ) |

## <u>O R D E R</u>

Plaintiff Zachery Clayton Walker, proceeding *pro se*, has filed a complaint alleging that the defendants have violated his constitutional rights. (Docket No. 1).

The plaintiff has submitted an application to proceed *in forma pauperis*. (Docket No. 9). However, the plaintiff's application is deficient. The plaintiff has not provided a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint as required by 28 U.S.C.§ 1915(a)(2). In a letter to the court (Docket No. 10), the plaintiff states that he sent a copy of his inmate trust fund account statement to the court on July 26, 2012. However, the court has not received this document.

In order to move forward with this lawsuit, the plaintiff must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the date of the entry of this order within thirty (30) days of entry of this order. Alternatively, the plaintiff may submit the full civil filing fee of three hundred and fifty dollars ($350.00).

The plaintiff is forewarned that, if he does not comply with this order within the time specified, the court is required to presume that he is not a pauper, assess the full amount of filing fee, and order the case dismissed for want of prosecution. *McGore v. Wrigglesworth*, 114 F.3d 601, 605

(6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). If the case is dismissed under these circumstances, it will not be reinstated to the court's active docket despite any subsequent correction of the documentary deficiency, or payment of the filing fee. *Id*.

An extension of time to submit the required 6-month statement, or to pay the $350.00 filing fee, may be requested from this court if a motion for an extension of time is filed within thirty (30) days of the date of entry of this order. *Id.* at 605; *Floyd v. United States Postal Service*, 105 F.3d 274, 279 (6th Cir. 1997), *superseded on other grounds by* Rule 24, Fed. R. App. P.

In addition, the court has received a letter from the plaintiff dated August 16, 2012 (Docket No. 11) and a "Motion for Lawsuit" (Docket No. 12). Therein, the plaintiff states that he wishes to file another lawsuit, along with two other plaintiffs. In order to initiate a new lawsuit, each plaintiff must submit **either** his portion of the civil filing fee[1] **or** separate applications to proceed *in forma pauperis*. That is to say, if the plaintiffs wish to proceed as paupers in a new action, each plaintiff must submit a separate, individualized application.

The Clerk is **DIRECTED** to open a miscellaneous case file for the plaintiffs' "Motion for Lawsuit" and to enter Docket No. 12 in the instant action as Docket No. 1 in the miscellaneous case. Docket No. 12 shall be termed in the instant case. With regard to the new case, the plaintiffs are **DIRECTED** to submit either their portions of the filing fee or separate pauper applications within thirty (30) days of receipt of this order. The plaintiffs may request an extension of time to comply with the court's order, if the motion is filed within thirty (30) days of entry of this order.

---

[1]Because there are three plaintiffs, each plaintiff is proportionately liable for any fees or costs. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999)*; In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997). Thus, each plaintiff is liable for $116.67 of the filing fee. Any subsequent dismissal of a plaintiff's case, even if voluntarily, does not negate that plaintiff's responsibility to pay his portion of the filing fee*. Fox v. Koskinen,* No. 2:09-cv-160, 2009 WL 2507405, at *1 (W.D. Mich. Aug. 24, 2009)(citing *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)).

2

It is so **ORDERED.**

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Kevin H. Sharp
　　　　　　　　　　　　　　　　United States District Judge